DAVIS *v.* STATE.

Opinion delivered April 28, 1924.

1. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction for making mash, for having an unregistered still, and for manufacturing whiskey.

2. WITNESSES—CROSS-EXAMINATION.—Witnesses for the defense, in order to discredit them, may be asked on cross-examination concerning prior convictions for transporting liquor.

Appeal from Nevada Circuit Court; *James H. McCollum,* Judge; affirmed.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose, J. S. Abercrombie,* Assistants, for appellee.

McCULLOCH, C. J. There were three separate indictments against appellant Millard Davis, one for making mash, one for having an unregistered still in his possession, and the other for manufacturing whiskey, and all of the cases were consolidated by consent and tried together. A verdict of guilty resulted in each case. Appellants Grady Plumley and Artie Clark were each

separately indicted for two offenses, one for making whiskey and the other for keeping an unregistered still, and they were tried together on all of the indictments by consent, and a conviction resulted in each case. Appellants have duly prosecuted an appeal from each of the convictions, and, as the testimony is substantially the same in all of the cases, they will be disposed of in one opinion.

The sheriff of Nevada County heard that a distillery was in operation in the southwestern part of that county, and he, together with two other men, went down there to make a raid to break up the distillery and to arrest the guilty participants in the unlawful adventure. They reached the scene about sundown, and, after lying in wait for awhile, they observed two stills in full operation, and saw five men engaged in some sort of work connected with the operations. Appellant Davis was chopping wood, and the others were pouring mash into barrels, emptying mash from barrels into a branch, and doing other things necessary to carry on the operations. No arrests were made at that time, and, as soon as those operating the stills discovered the presence of the officer, they all ran away. The sheriff and the two men who accompanied him, Mr. Willingham and Mr. Bearden, each testified in the case, and in their testimony identified each of appellants with more or less certainty. When the sheriff and his men made an examination, after appellants had fled from the scene, they found two stills in operation, and also found twelve gallons of mash and fifty-five gallons of whiskey.

No brief has been filed on behalf of either of the appellants, but, in the motion for a new trial, the insufficiency of the evidence is assigned. We are of the opinion, however, that the evidence is legally sufficient to sustain the verdict of guilty as to each of the offenses charged in the respective indictments. It shows that all of the appellants were engaged in operating two stills at the same place, that there was a large quantity of mash at the place, and also fifty-five gallons of whiskey. This

established the fact that the statute had been violated in three particulars, in making mash, in keeping an unregistered still in possession, and in manufacturing whiskey.

Each of the appellants attempted to prove an alibi, but the evidence on that subject was not uncontradicted, inasmuch as the sheriff and the two men with him testified positively that they identified each of the appellants.

In one of the cases error of the court is assigned in permitting witnesses on cross-examination to be asked concerning prior convictions for transporting whiskey. It was competent to permit the question to be asked, in order to discredit the witness.

We find no error in the record, and the judgment in each case is therefore affirmed.